**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

Agustin **MONDRAGON–DIAZ, also known as Augustine Mondragon, also known as Augustine Mondragon–Diaz, Defendant–Appellant.**

No. 06–21011
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Agustin Mondragon–Diaz (Mondragon) appeals his guilty-plea conviction and 30–month sentence for unlawful reentry following deportation, in violation of 8 U.S.C. § 1326. Mondragon asserts that his sentence is contrary to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and unreasonable as a matter of law. He contends that this court's post-*Booker* decisions have effectively reinstated the mandatory guideline scheme condemned by *Booker*.

Mondragon concedes that this argument is foreclosed by circuit precedent, but he raises it to preserve it in light of the Supreme Court's grant of certiorari in *Rita v. United States*, —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006), and *Claiborne v. United States*, —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006). However, *Rita* now has been decided, and the Supreme Court has affirmed that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." *Rita v. United States*, —— U.S. ——, —— – ——, 127 S.Ct. 2456, 2462–69, 168 L.Ed.2d 203

(2007) (quote at 2462). Furthermore, the Supreme Court has vacated the underlying *Claiborne* decision as moot due to the death of the petitioner. *Claiborne v. United States*, —— U.S. ——, 127 S.Ct. 2245, 167 L.Ed.2d 1080 (2007), *vacating as moot* 439 F.3d 479 (8th Cir.2006). In light of these decisions, Mondragon's argument remains foreclosed.

Mondragon additionally challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Mondragon's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule it in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.2005); *see also Rangel–Reyes v. United States*, —— U.S. ——, 126 S.Ct. 2873, 165 L.Ed.2d 910 (2006); *United States v. Pineda–Arrellano*, 492 F.3d 624 (5th Cir.2007). Mondragon properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.